# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
Magistrate Judge S. Kato Crews

Civil Action No. 1:20-cv-03835-RMR-SKC

KAHLIEM CLARK,

      Plaintiff,

v.

ERIC HNAT, Denver Police Officer,
ALDO SALAYANDIA-SANCHEZ, Denver Police Officer, and
RICHARD JARAMILLO, Denver Police Detective,

      Defendants.

---

## RECOMMENDATION RE: PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

This matter is before the Court on Plaintiff's request to file a second amended complaint to add Imani Baskerville as a new Defendant. [Dkt. 36.] The Defendants, however, argue against Plaintiff's second amended complaint based on futility.

The presiding judge referred the Motion to the magistrate judge for a Recommendation. The Court, after having reviewed the Plaintiff's Second Amended Complaint, pertinent pleadings, motions, and the applicable law, RECOMMENDS the Motion be DENIED for the reasons further discussed below.

## I.     Background

The facts of this case were fully discussed in the Court's prior recommendation to grant Defendants' Motion to Dismiss the amended complaint for failure to state a claim upon which relief could be granted, which the presiding judge accepted and

adopted. [Dkt. 35, 38] In brief, Plaintiff sued three Denver police officers for allegedly arresting him without probable cause and in violation of his state and federal constitutional rights. [Dkt. 35 p. 4.]  The alleged unlawful arrest resulted from an altercation between Plaintiff and Baskerville. Baskerville arrived at Plaintiff's house, started banging on the front door, and demanded Plaintiff return her personal items. [*Id.* at pp. 2, 3.] Plaintiff then called 911, police officers arrived, and Baskerville told police Plaintiff had pointed a gun at her. [Id. at p. 3.] Plaintiff denied ever doing so. Consequently, police officers arrested Plaintiff, he spent the night in jail, and the officers charged him with felony menacing. [*Id.* at p. 4.] The district attorney allegedly refused to press charges. [Dkt. 23 p. 2]

## II.    Discussion

Plaintiff's proposed second amended complaint attempts to add Baskerville as a Defendant by asserting several state law claims against her.[1] The proposed amendments include claims for invasion of privacy/intrusion upon seclusion, trespass, private nuisances, common law malicious prosecution, intentional infliction of emotional distress, and slander per se, all against Baskerville alone. [*See generally* Dkt. 36-1.]

Defendants argue the proposed amendments are futile because they are untimely and cannot survive a motion to dismiss. Specifically, Defendants say Plaintiff did not explain how the second amended complaint advances different claims

---

[1] The Court liberally construes Plaintiff's pleadings considering his pro se status. *Blauch v. City of Westminster*, 859 F. App'x 327, 328 (10th Cir. 2021).

or allegations previously unknown at the time of the original complaint, to sufficiently survive dismissal.

The Court agrees with Defendants that it would be futile to allow Plaintiff's second amended complaint, but not for the main reasons presented.

Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely grant leave when justice so requires, but it may deny the request to add a new claim if "it is apparent that such a claim would be futile." Fed. R. Civ. P. 15(a)(2); *see Pacheco v. El Habti*, 48 F.4th 1179, 1185 (10th Cir. 2022) (quoting *Stafford v. Saffle*, 34 F.3d 1557, 1560 (10th Cir. 1994)); *McKinney v. State of Okla., Dept. of Hum. Servs., Shawnee Oklahoma*, 925 F.2d 363, 365 (10th Cir. 1991) (futile to allow amendment when obvious plaintiff could not prevail on facts alleged). It is within the court's discretion to allow a party to amend a pleading. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (proper to deny a leave to amend when moving party knew of the facts upon which amendment is now based and absent excusable neglect for the delay).

In granting Defendants' Motion to Dismiss, District Judge Rodriguez dismissed all of Plaintiff's constitutional claims against the Defendant Officers and declined to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. [Dkt. 38 p. 3.] Plaintiff's proposed amendments do not plausibly advance those original claims previously dismissed against Defendant Officers; indeed, he appears

to simply reassert them.[2] Moreover, Plaintiff's Motion acknowledges that the proposed amendments involve only adding Baskerville as a defendant by stating, "[t]hrough the Second Amended Complaint, Plaintiff seek (sic) to add one new individual Defendant Imani Baskerville . . . [,]" and, "[t]he Second Amended Complaint asserts claim (sic) against Defendant Imani Baskerville which arose out of the conduct, transaction, or occurrence set out in the original and first amended complaint." [Dkt. 36 ¶3.]

Plaintiff cannot add Baskerville as a defendant and assert state law claims against her because Judge Rodriguez previously dismissed all his federal law claims and declined to exercise supplemental jurisdiction over any prior state law claims. *See TV Commc'ns. Network, Inc. v. Turner Network Television, Inc.*, 964 F.2d 1022, 1028 (10th Cir. 1992) (affirming court's dismissal of Plaintiff's state law claims absent supplemental jurisdiction when all federal law claims had been dismissed); *Cunningham v. Univ. of New Mexico Bd. of Regents*, 779 F. Supp. 2d 1273, 1282 (when federal claims are dismissed before trial, a federal district court should decline exercising supplemental jurisdiction over state law claims). Thus, these amendments

---

[2] The Court agrees with Defendants that Plaintiff's proposed second amended complaint appears to rehash his original claims against the Officers but with different headings. Plaintiff, however, did not attach a copy of his proposed amended complaint with strike throughs as required by D.C.Colo.CivR 15.1(b), which alone is grounds for dismissal. *See Johnson v. Giles*, No. 20-cv-0037-RM-MEH, 2022 WL 611496, at *2 (D. Colo. Mar. 2, 2022) (denying pro se plaintiff's proposed pleading for failure to comply with D.C.Colo.CivR 15.1(b)); *see also Waller v. City and Cnty. of Denver*, No. 1:14-cv-02109-WYD-NYW, 2015 WL 1816371, at *4 (D. Colo. Apr. 20, 2015) (noting Plaintiff's failure to comply with local rule of practice 15.1, requiring a party to file an amended pleading with strikes throughs, is sufficient grounds to strike the motion).

would be futile, at a minimum. To the extent the proposed amendments also reassert the previously dismissed federal law claims against Defendant Officers, the Motion should be further denied as futile or as contrary to Judge Rodriguez's prior order dismissing the same.

Therefore, the Court respectfully RECOMMENDS Plaintiff's Motion requesting to file a second amended complaint be **DENIED**.

DATED: November 2, 2022.                    BY THE COURT:

S. Kato Crews
United States Magistrate Judge

**Rule 72(a) of the Federal Rules of Civil Procedure provides when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge, the Magistrate Judge must issue a written order stating the decision. Within 14 days after service of a copy of this Order, any party may serve and file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to file written objections will result in a waiver of the right to appeal the non-dispositive order. _See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd._, 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); _but see Morales-Fernandez v. INS_, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "pro se litigant has not been informed of the time period for objecting and the consequences of failing to object").**